The Mayor and Aldermen of Jersey City, appellants,

*v.*

Matthew Foster, respondent.

A mortgage made to an officer of the court, designated by the chancellor, brings the fund as much within the custody of the law as if it were made directly to the chancellor; and hence, such mortgage is a lien on the premises covered, superior to municipal taxes and assessments.

*Mr. Allan McDermott* and *Mr. Leon Abbett*, for appellants.

*Mr. Thomas J. Kennedy*, for respondent.

On appeal from the following opinion by the vice-chancellor:

This case, in all its material facts, is identical with that of *Trustees of Public Schools* v. *Trenton, 3 Stew. 618; S. C. on appeal, Id. 667*. The only point in which even an unimportant difference can be suggested is, that the mortgage in that case was made to the chancellor, and in this it was made to an officer of his court designated by him. Exemption or superiority of right does not at all depend upon the fact that the mortgage is made to a particular person or officer, but whether it represents property which the state, in virtue of its sovereignty, has drawn into its courts. If the security represents property in the custody of the law, considerations of public policy, according to the judgment of the court of errors and appeals, protect it against the hazards of the priority of tax liens. These securities represent property in that situation, and they must, therefore, be held to stand superior to the liens of the defendants.

The complainant is entitled to a decree that his mortgages constitute liens prior to the taxes and assessments,

and that, unless the defendants redeem within thirty days of the service of the decree, they shall be foreclosed.

PER CURIAM.

The decree in this case unanimously affirmed, for reasons given by the vice-chancellor in the case below.